## Commonwealth v. Levan

Harry Sablosky, for Commonwealth.
E. Arnold Forrest, for defendant.

CORSON, J., December 20, 1935.—This defendant was charged with violation of the Pennsylvania Liquor Control Act of July 18, 1935, P. L. 1246. The indictment contained six counts charging various violations involving the possession, sale, etc., of alcoholic "liquors".

At the trial, the only evidence produced covered the possession by the defendant of a liquid which was conclusively proven by the Commonwealth to be ethyl alcohol of 190 proof.

At the end of the Commonwealth's case, the defendant demurred and the Commonwealth joined in the demurrer. While the trial judge was inclined to sustain the demurrer, he felt that the Commonwealth should have an opportunity to argue the question before the court en banc. The defendant was therefore found guilty on certain counts and the suggestion made that the defendant file a motion in arrest of judgment and for a new trial.

The point raised by the defendant is that "alcohol" does not come within the definition of liquor as defined in the Liquor Control Act of 1935, supra. The Commonwealth not having proven the possession of liquor within the definition of liquor as set forth in the act, the indictment must fall. The Act of 1935 was not in effect until several days after the time of defendant's arrest in this case. However, the Liquor Control Act of November 29, 1933, P. L. 15, contains exactly the same definition of liquor as the Act of 1935, supra. In both these definitions, alcohol is specifically excepted from the definitions.

Upon this state of facts, the defendant cannot be found guilty on any of the counts of the indictment made against him, and the following decree, therefore, is entered:

And now, December 20, 1935, the action of the trial judge, in finding the defendant guilty upon certain counts

of the indictment, is set aside; the defendant is found not guilty; and the defendant's motion in arrest of judgment is allowed.

In view of our ruling, it becomes unnecessary to pass upon the motion for a new trial.